CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 0 5 2011

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CAMILLE A. JONES, | Civil Action No. 7:10-cv-00339 |
| Plaintiff, | |
| | MEMORANDUM OPINION |
| v. | |
| APPLEBEE'S OF VIRGINIA, INC., | |
| | By: Samuel G. Wilson |
| Defendant. | United States District Judge |

This is an action by *pro se* plaintiff, Camille A. Jones, against her former employer, Applebee's of Virginia, Inc. ("Applebee's"), alleging that her manager at Applebee's discriminated and retaliated against her, and harassed her, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* Although the trial is currently scheduled to begin in less than three weeks, Jones failed to attend either of her scheduled depositions and did not respond to Applebee's' discovery requests or motion for summary judgment. The court finds that Jones has failed to meaningfully engage in the litigation she filed against Applebee's, and dismisses her motion under Federal Rule of Civil Procedure ("Rule") 37.

I.

Based on uncontradicted evidence submitted by Applebee's and a submission from Jones' former attorney, Terry Grimes, Jones failed to respond to Applebee's discovery requests, or to attend either of her two scheduled depositions. Grimes' correspondence with the court shows that Jones last communicated with Grimes' office, through his paralegal, on May 6, 2011. At that time, Jones informed Grimes' paralegal that she was going to visit her parents in Texas until June 6, 2011. Jones did not attend her June 7, 2011 deposition, and the court granted

Grimes' motion to withdraw as Jones' attorney after he provided the court with her last known address. The Clerk's office sent notice of Grimes' withdrawal to Jones' address. Applebee's scheduled a second deposition of Jones for June 27, 2011, and sent notice to Jones' address.[1] Jones failed to appear at her second deposition, and she provided no reason for her absence to Applebee's or the court. Applebee's then moved for summary judgment, in part, because of Jones' refusal to engage in the discovery process. Applebee's sent Jones Roseboro notice informing Jones of her right to file a response to its motion for summary judgment and that "[i]f [she did] not file a response, the Court could dismiss [her] lawsuit on the basis of" its motion for summary judgment. (Roseboro Notice 1, ECF No. 33.) Jones failed to respond. Applebee's has asked the court to rule on its motion for summary judgment without a hearing.

## II.

Jones has failed to meaningfully participate in the discovery process of her case. She missed her two scheduled depositions without explanation, and failed to respond Applebee's interrogatories without explanation. Under Rule 37(d), a party may be sanctioned for failure to attend its own deposition and for failure to respond to discovery requests. The court looks to the following factors in determining an appropriate sanction: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians, 155 F.3d 500, 504 (4th Cir. 1998). Applying this test, the court finds that dismissal of Jones' claims against Applebee's is the only appropriate remedy.

---

[1] Grimes also moved for an extension of time to respond to Applebee's' discovery requests because of Jones absence from the area. The court gave Jones an extension until June 27, 2011 to respond. Based on the uncontradicted representations by Applebee's, she never responded.

2

Because of Jones' silence in this case for the past several months, the court presumes bad faith.[2] Furthermore, Applebee's has been prejudiced by Jones' silence as it has been forced to prepare for trial without having deposed the plaintiff or received any discovery from her. With trial less than three weeks away, Applebee's cannot be forced to defend an action where it has been completely denied the opportunity to obtain discovery from the plaintiff. Because Jones is ignoring her suit, the court cannot craft an appropriate lesser sanction. Thus, dismissal is the only appropriate remedy – Jones' suit against Applebee's cannot continue with Jones completely denying it the right to test the merits of her case. Therefore, the court dismisses Jones' claims.

**Enter**: August 5, 2011.

UNITED STATES DISTRICT JUDGE

---

[2] Jones may, of course, file a motion for reconsideration with the court under Rule 59. In any motion for reconsideration, Jones should explain the reasons for her absence at her depositions and failure to respond to Applebee's written discovery.